UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID CARMINE LETTIERI,

        Plaintiff,

v.

NATLIE B. HARRINGTON,

        Defendant.

**MEMORANDUM & ORDER**
25-CV-02217 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff David C. Lettieri, currently detained at Federal Medical Center Devens, in Ayer, Massachusetts, brings this *pro se* action, styled as a "Writ of Mandamus," against "Natlie B. Harrington,"[1] a federal probation officer.[2]  *See* ECF No. 1 at 1 (Compl.).[3]  Plaintiff appears to assert that Defendant refused to provide him information about "an unknown government agent." *Id*. at 1–2.  Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP"). *See* ECF No. 4.  For the reasons explained below, his IFP application is denied because Plaintiff is barred from filing any new IFP action while a prisoner under the "three strikes" provision of 28 U.S.C. § 1915(g).  Plaintiff is further warned that filing additional frivolous actions may result in the imposition of a filing injunction.

---

[1]     He appears to have intended to sue, as previously, "Natalie" Harrington. *See generally Lettieri v. Harrington*, No. 24-cv-04644, 2024 WL 3328609 (E.D.N.Y. July 8, 2024).

[2]     Plaintiff was convicted in the United States District Court for the Western District of New York for enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023).

[3]     Unless otherwise noted, the Court refers to the pages assigned by the Electronic Case Files system ("ECF").  Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

I. **Section 1915(g)**

Section 1915(g) bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failure to state a claim. Specifically, its "three strikes" rule provides:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

Here, a review of the Public Access to Court Electronic Records, a national database of cases filed in the federal courts, reveals that Plaintiff has filed around 150 civil cases in multiple courts across the country. While incarcerated, Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *See Lettieri v. W. Dist. of N.Y.*, No. 23-cv-00770, ECF No. 7 (W.D.N.Y. filed July 31, 2023) (granting Plaintiff IFP status but dismissing complaint based on alleged failure by clerk's office employees to mail case filings pursuant to "28 U.S.C. §§ 1915(e)(2)(B) and 1915A on the basis of immunity"); *Lettieri v. DOJ*, No. 23-cv-00866, ECF No. 3 (W.D.N.Y. filed Aug. 21, 2023) (granting Plaintiff IFP status but dismissing complaint against Assistant U.S. Attorney based on alleged violations of Federal Rules of Evidence at criminal trial "under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)"); *Lettieri v. Vilardo*, No. 23-cv-006498, ECF No. 3 (W.D.N.Y. filed Aug. 28, 2023) (granting plaintiff IFP status but dismissing complaint because judge who presided over plaintiff's criminal trial was immune from civil suit based on his decisions related to the parties' proposed jury instructions); *see also Lettieri v. Vestal Police*, No. 24-1080, 2024

---

[4] When a prisoner's complaint is dismissed for failure to state a claim, he receives a strike regardless of whether the prior dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).

2

WL 5667996, at *1 (2d Cir. Sept. 19, 2024) (denying IFP status on appeal "on the basis of the same 'three strikes' bar identified by the district court").[5]

Plaintiff argues in a letter that this case should not be classified as a civil action subject to the three-strikes bar. *See* ECF No. 7. In the Second Circuit, "the PLRA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996). That precedent makes clear that the mandamus styling alone is not dispositive. And this Complaint clearly does not fall into the narrow category of "writs directed at judges conducting criminal trials" as there is no ongoing trial, nor would this Court ever be able to provide him with such relief. *See Reyes v. Keane*, 90 F.3d 676, 678 n.1 (2d Cir. 1996) ("The PLRA covers the general run of civil actions, regardless of the claim . . . ."), *overruled on irrelevant grounds by, Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Ultimately, the relief requested here—obtaining information which Plaintiff claims formed the basis of a violation of "constitutional rights," and which he intends to incorporate into a 28 U.S.C. § 2255 petition, *see* ECF No. 1 at 1–2—is more "analogous to [a] civil complaint[] under 42 U.S.C. § 1983," *In re Nagy*, 89 F.3d at 116, than a writ petition presented to the Court of Appeals concerning how a district judge conducts a criminal trial.[6] *See Burns v. Schell*, No. 20-3883, 2023 WL 1113215, at *1 (2d Cir. Jan. 31, 2023) (complaints demanding video from a private store and demanding that a federal agency conduct an investigation "analogous to civil complaints under § 1983" and therefore subject to the PLRA). The PLRA and its three-strike rule apply here.

---

[5] Plaintiff does not allege that he is under imminent danger or serious physical harm so as to escape the three-strikes rule.

[6] This is underlined by the fact that the mandamus vehicle is inappropriate because "[t]here is no pre-motion discovery in a Section 2255 case." *Puglisi v. United States*, 586 F.3d 209, 213–14 (2d Cir. 2009).

3

## II.      Request for Records

Additionally, Plaintiff has filed a letter requesting that the Clerk of Court provide him with a docket sheet in a criminal case in this District.  *See* ECF No. 6.  The Clerk's Office does not provide court records free of cost.  For records requests unrelated to this case, Plaintiff may separately contact the Clerk's Office.

## III.     Filing Injunction

Federal courts have limited resources.  Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice.  "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)  As another court has explained, "Plaintiff is a serial frivolous filer who has filed multiple frivolous lawsuits in this district and others and has been barred from proceeding IFP under the three strikes rule set out in 28 U.S.C. § 1915(g)."  *See Lettieri v. Garver*, No. 24-cv-1287, 2024 WL 3791905, at *1 (N.D. Ohio Aug. 13, 2024).  In this District alone, Plaintiff has received numerous Section 1915(g) dismissals but continues to seek IFP.[7]  These many filings clog the docket and waste

---

[7]     *See Lettieri v. Broome Cnty. Humane Soc'y*, No. 23-cv-07777, 2023 WL 7017081 (E.D.N.Y. Oct. 25, 2023); *Lettieri v. Auricchio*, No. 23-cv-07830, 2023 WL 7017081 (E.D.N.Y. Oct. 25, 2023); *Lettieri v. Suffolk Cnty. Police*, No. 24-cv-03402, 2024 WL 2319707 (E.D.N.Y. May 22, 2024); *Lettieri v. Harrington*, No. 24-cv-04644, 2024 WL 3328609 (E.D.N.Y. July 8, 2024); *Lettieri v. Gonzalez*, No. 24-cv-04597, ECF No. 4 (E.D.N.Y. filed July 1, 2024); *Lettieri v. Vilardo*, No. 24-cv-04642, ECF No. 3 (E.D.N.Y. filed July 1, 2024).  These are in addition to numerous cases transferred out of this District because of improper venue.  *See Lettieri v. Suffolk Cnty.*, No. 24-cv-01176, ECF No. 5 (E.D.N.Y. filed Feb. 5, 2024); *Lettieri v. Suffolk Cnty.*, No. 24-cv-03403, ECF No. 3 (E.D.N.Y. filed Apr. 29, 2024); *Lettieri v. Suffolk Cnty.*, No. 24-cv-03405, ECF No. 3 (E.D.N.Y. filed Apr. 29, 2024); *Lettieri v. Suffolk Cnty.*, No. 24-cv-03396, ECF No. 3 (E.D.N.Y. filed Apr. 29, 2024); *Lettieri v. Suffolk Cnty.*, No. 24-cv-03409, ECF No. 3 (E.D.N.Y. filed Apr. 29, 2024).

valuable Court resources. Indeed, the Second Circuit has already imposed a leave-to-file sanction on Plaintiff "in light of [his] litigation history." *See Lettieri v. Vilardo*, No. 24-318, Dkt. No. 21.1 (2d Cir. July 9, 2024).

Consistent with the foregoing, Plaintiff is now **warned** that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

### IV.  Conclusion

For the reasons provided above, Plaintiff's application to proceed IFP is denied and this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, and to mail a copy of this Order to Plaintiff, noting the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       May 29, 2025